## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**AMOS RANSOM**                                                                **PETITIONER**

**VS.**                        **CASE NO. 5:10CV00088 BSM/HDY**

**RAY HOBBS, Director of the**
**Arkansas Department of Correction**                    **RESPONDENT**


## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Amos Ransom, who is currently in the custody of the Arkansas Department of Correction (ADC), seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254. Mr. Ransom was convicted following a jury trial in Pulaski County on the charges of theft of property, terroristic threatening, kidnaping, aggravated robbery, and theft by receiving. He appealed the convictions, and the Arkansas Court of Appeals affirmed the convictions in a decision dated November 1, 2006, with the Court's mandate being issued on November 21, 2006. On December 28, 2006, Mr. Ransom filed a Rule 37 petition with the trial court, raising numerous allegations of ineffective assistance of counsel as grounds for relief. On October 15, 2008, the trial court addressed the allegations of ineffective assistance of counsel and denied Rule 37 relief. Mr. Ransom appealed. The Arkansas Supreme Court dismissed the appeal, finding that Mr. Ransom did not properly file his Rule 37 petition. Specifically, the Supreme Court found that the petitioner failed to verify his Rule 37 petition, as required by Ark. Rule Crim Pro. 37.1.

Mr. Ransom now advances four claims for habeas corpus relief:

1. Ineffective assistance of counsel due to his attorney's failure to request separate trials on all of the petitioner's charges;

2. Ineffective assistance of counsel due to his attorney's failure to compel the state to prove the value of the property;

3. Actual innocence; and

  4.  Ineffective assistance of counsel because the joinder of all the charges had the effect of eviscerating petitioner's defense.

The respondent contends that the petition should be dismissed as time-barred. In addition, the respondent alleges that grounds one, two, and four are procedurally barred due to the petitioner's failure to adequately raise these claims in state court. Finally, the respondent urges that claim three does not state a claim for federal habeas corpus relief. The Court has previously notified Mr. Ransom of his opportunity to explain why the respondent's assertions are erroneous, and he has filed an explanatory pleading (docket entry no. 21).

## STATUTE OF LIMITATIONS

Respondent contends that the statute of limitations bars consideration of these claims. Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent contends that the petitioner's judgment became final on November 21, 2006, the date the mandate was issued in petitioner's direct appeal. As a result, the respondent argues that petitioner should have filed his federal petition on or before November 21, 2007. The petitioner filed

his federal petition on March 30, 2010. The respondent urges that the petitioner's failure to act sooner is fatal to the petition. The respondent urges that the filing of Rule 37 petition did not toll the time for filing the federal petition because the Rule 37 petition was not properly filed, according to the Arkansas Supreme Court.

In his explanatory pleading, Mr. Ransom does not dispute the respondent's calculations. Instead, he argues that the actions of the Pulaski County Clerk's Office caused his problems. Specifically, he urges that the Pulaski County Clerk should have examined his Rule 37 petition and refused to file it because Mr. Ransom failed to submit a verified petition, as required by Rule 37.1. Had the Clerk done this, the case would not have proceeded[1] with the ultimate result being the denial by the Arkansas Supreme Court. However, Mr. Ransom cites no authority for the proposition that the Clerk is required to review and refuse petitions that are deficient. The Court is unaware of any such authority. To the contrary, the petitioner bears the burden of complying with state procedural rules, and his failure to file the verified petition cannot be attributed to the employees of the local court. The requirement that a petitioner verify his Rule 37 petition is not a new concept, having been emphasized by the Arkansas Supreme Court for many years. *See, e.g., Carey v. State*, 268 Ark. 332 (1980); *Westbrook v. State*, 286 Ark. 192, 197 (1985); and *Boyle v. State*, 362 Ark. 248 (2005). Despite the longstanding requirement that a petitioner verify his petition, the trial court in this instance is not alone in neglecting to notice the failure to verify. In *Nelson v. State*, 363 Ark. 306 (2005), the trial court conducted a hearing and issued a written order denying the merits of the petition. It was only on appeal that the Arkansas Supreme Court summarily dismissed due to the failure to verify the petition, with no mention of any responsibility of the trial court to screen petitions for verification.

The explanation offered by Mr. Ransom does not justify a tolling of the limitations period based upon equitable grounds. In *Calderon v. United States District Court for Central District of*

---

[1] As previously noted, the Circuit Court addressed the merits of the Rule 37 and denied relief. It was only on appeal when the Arkansas Supreme Court noted the failure to verify the petition and denied relief on that basis.

*California*, 112 F.3d 386 (9th Cir. 1997), the Ninth Circuit Court of Appeals held that the limitation period may be equitably tolled if "extraordinary circumstances" beyond a prisoner's control render it impossible for him to file a timely petition. *Id*. at 391. We hold that the receipt and filing of the Deficient Rule 37 petition by the Pulaski County Clerk does not constitute a circumstance rendering it impossible for Mr. Ransom to file a timely habeas petition. The United States Supreme Court, in the recent case of *Holland v. Florida*, ___ S.Ct.____, 2010 WL 2346549 (June 14, 2010), ruled that the statute of limitations may be tolled for equitable reasons. This ruling was the same conclusion reached by all eleven Courts of Appeals. The *Holland* decision focuses on the diligence of the petitioner, coupled with the neglect of his attorney, and concludes that equitable tolling may be in order if the petitioner's diligence and his attorney's neglect were great enough to constitute "extraordinary circumstances." 2010 WL 2346549, p. 10. The case was remanded. The *Holland* case is of no avail to Mr. Ransom, as he does not establish his diligence in pursuing his claims[2] and there was no attorney involved in the Rule 37 proceedings. Neither the acts and/or omissions of the state court clerk nor the diligence of the petitioner are equitable grounds for tolling the limitation period.

Liberally construing the pleadings, it may be that Mr. Ransom alleges that his actual innocence should equitably toll the limitations period. The Eighth Circuit Court of Appeals addressed such an argument in *Flanders v. Graves*, 299 F.3d 974 (8th Cir. 2002):

> The statute of limitations contained in AEDPA provides that: "[a] l-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). We have recognized that this statute is subject to the doctrine of equitable tolling. See *Gassler v. Bruton,* 255 F.3d 492, 495 (8th Cir.2001). Equitable tolling may provide an individual relief from a statute of limitations in certain "extraordinary circumstances." *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir.2000), *cert. denied,* 534 U.S. 863, 122 S.Ct. 145, 151 L.Ed.2d 97 (2001). "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Jihad v. Hvass,* 267 F.3d 803, 806 (8th Cir.2001) (quoting *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000)). These

---

[2]Mr. Ransom's failure to verify his petition was a lack of diligence.

circumstances usually include only those that are "external to the petitioner." *Jihad,* 267 F.3d at 806. For example, the one-year statute of limitations may be tolled in situations when a defendant's conduct has "lulled the plaintiff into inaction," or when circumstances over which a prisoner has no control make it impossible to file a timely petition. *Kreutzer,* 231 F.3d at 463. In the past, we have declined to address the question of whether a petitioner's "actual innocence" is a circumstance sufficient to toll the statute of limitations. See *United States v. Lurie,* [footnote omitted] 207 F.3d 1075, 1077 n. 4 (8th Cir.2000). Today, we hold that it is not, at least in the circumstances of this case.

Petitioner points out that "actual innocence" does, in some cases, excuse or obviate certain procedural obstacles to the consideration of petitions for habeas corpus on their merits. There is, for example, a judge-made doctrine under which certain procedurally defaulted claims are not open for consideration on their merits in a habeas proceeding unless the petitioner can show cause for his failure to raise these claims properly in state-court proceedings, and prejudice resulting from their not having been raised. To this doctrine the Supreme Court has added actual innocence as an exception. That is, a petitioner who can show actual innocence can get his constitutional claims considered on their merits even if he cannot show cause and prejudice. See generally *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). In such cases, the concept of actual innocence is used as a "gateway," that is, actual innocence, if it can be shown, opens the gate to consideration of constitutional claims on their merits, claims that would otherwise be procedurally barred. In similar fashion, actual innocence has also been available to allow consideration of the merits of successive claims. See *Sawyer v. Whitley,* 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992); *Kuhlmann v. Wilson,* 477 U.S. 436, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986).

These doctrines, allowing the use of actual innocence for certain procedural purposes, are now partially codified in AEDPA. 28 U.S.C. § 2244(b)(2)(B)(ii). Petitioner argues that these doctrines, which excuse some types of procedural defaults, should likewise excuse his failure to file his petition within the period fixed by Act of Congress, a failure which he characterizes as a similar "procedural default." We cannot agree with this assertion, at least as a broad concept. We are dealing here with a statute. It is our duty to apply statutes as written. The statute fixes a one-year period of limitations, and says nothing about actual innocence, even though other parts of AEDPA, enacted at the same time, do refer to this doctrine. *Compare* 28 U.S.C. § 2244(d)(1), *with* 28 U.S.C. § 2244(b)(2)(B)(ii). It is not our place to engraft an additional judge-made exception onto congressional language that is clear on its face.

It is true that, in some cases, equitable tolling has been applied to limitations periods despite the fact that statutes creating them do not expressly refer to the equitable-tolling doctrine. Normally, though, as we have said, equitable tolling applies only when some fault on the part of a defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay. None of that can be said in this case. Petitioner does not claim that anything respondents have done made it impossible or difficult for him to uncover the facts that he now claims establish actual innocence. Indeed, he does not refer us to any circumstances, attributable to the defendants or to any other cause, that prevented him, in the exercise of reasonable diligence, from discovering these facts soon enough to enable him to

> bring a timely habeas petition. In sum, petitioner does not claim that wrongdoing on the part of the State of Iowa prevented him from filing a timely petition, nor does he show why he did not assert his claim within the one-year statute of limitations. To allow an assertion of actual innocence to excuse the running of the statute in such circumstances would take the equitable-tolling doctrine far from its original and legitimate rationale.
>
> We do not hold that actual innocence can never be relevant to a claim that the habeas statute of limitations should be equitably tolled. For such a claim to be viable, though, a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations.

*Flanders v. Graves,* 299 F.3d 974, 976 -978 (8th Cir. 2002).

Here, Mr. Ransom does not establish that the respondent acted or failed to act and prevented him from discovering the relevant facts in a timely fashion. Nor does he show that a reasonably diligent petitioner could not have discovered the facts in time to file a timely petition. As a result, his assertion of actual innocence does not equitably toll the limitations period.

Finally, the respondent notes that even if the time during which Mr. Ransom's Rule 37 petition were excluded from the calculations his federal habeas corpus petition was not timely filed. Mr. Ransom's direct appeal was final on November 21, 2006, and 37 days passed before he filed his Rule 37 petition. This petition was ultimately deemed by the Arkansas Supreme Court to be deficient and dismissed on April 16, 2009. Petitioner signed his federal habeas corpus petition on March 28, 2010, and it was filed on March 30, 2010. Even using the March 28, 2010, date as the date of filing, the petitioner still did not file a timely complaint, as the time elapsed amounts to 383 days (37 days after the direct appeal plus 346 days following the Arkansas Supreme Court's dismissal of the Rule 37 petition).

In summary, we find the petition was not filed in a timely fashion. We further find no reason to equitably toll the limitation period. As a result, we recommend the petition be dismissed as time-barred.

**PROCEDURAL DEFAULT**

The respondent also contends that claims one, two, and four are not properly before this Court due to the petitioner's failure to adequately raise his claims in a properly filed state postconviction petition, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny. Mr. Ransom was notified by the Court of his opportunity to explain why these grounds are not procedurally barred, and he submitted an explanation (docket entry no. 21).

In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court: that is, if he was aware of the ground, but failed to pursue it to a final determination. The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure. *See, also, Clark v. Wood*, 823 F.2d l24l, l250-5l (8th Cir. l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987). The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (l986), and *Murray v. Carrier*, 477 U.S. 478 (l986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34. However, one can discern from these cases several circumstances in which cause might be found: first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. 1 (1984); or third, if the litigant failed to receive the effective assistance of counsel. *See Murray v. Carrier*, 477 U.S. at 488. In addition, there is one extraordinary circumstance where a federal habeas court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is

actually innocent. *Id.* at 496.

In his explanatory pleading, Mr. Ransom again points to the Pulaski County Clerk's Office and the failure to screen his Rule 37 petition prior to filing it. As previously discussed, the requirement to file a verified petition is contained in the Arkansas Rules of Criminal Procedure, and the petitioner bears the burden of complying with these rules. We find that the behavior of the local court officials does not constitute "cause" for the petitioner's failure to properly raise his claims in state court.

If we liberally construe the pleadings and find that Mr. Ransom is alleging his actual innocence obviates the need to show cause and prejudice, then we find that claim is without merit. The United States Supreme Court guides our consideration of such a claim:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995). The Court goes on to set the standard required of Mr. Ransom; he "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. Here, Mr. Ransom falls far short of the *Schlup* requirements, failing to offer new evidence not presented at trial. There is no showing of actual innocence.

In summary, we find that grounds one, two, and four were not adequately presented in state court. The petitioner fails to demonstrate cause or prejudice for that failure, and fails to establish actual innocence. Consequently, we recommend these claims be dismissed as procedurally barred.

**GROUND THREE – ACTUAL INNOCENCE**

The third ground advanced by Mr. Ransom is that he is actually innocent of the crimes.

His petition recites that there is no evidence to prove he committed the crimes. (Docket entry no. 2, page 13). The petitioner offers no facts in support of this conclusion. A mere allegation does not suffice to establish a claim for habeas corpus relief. In addition,

> a claim of "actual innocence" is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits. *See Herrera v. Collins,* 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). "[T]he traditional remedy for claims of innocence based on new evidence, discovered too late in the day
>
> to file a new trial motion, has been executive clemency." *Id.* at 417, 113 S.Ct. 853.

*Mansfield v. Dormire*, 202 F.3d 1018, 1024 (8th Cir. 2000).

Mr. Ransom's claim of actual innocence is without merit.

**SUMMARY**

For the foregoing reasons, we recommend the petition be dismissed and the relief requested be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, the certificate of appealability should be denied.

IT IS SO ORDERED this   22   day of July, 2010.

_____
UNITED STATES MAGISTRATE JUDGE